IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01611-BNB

JAMES JONES,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp – Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 1 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant James Jones is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Jones initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed July 10, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On July 30, 2009, Respondent filed a Preliminary Response. On August 6, 2009, Mr. Jones filed a Reply.

The Court must construe the documents filed by Mr. Jones liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

1

Mr. Jones first claims that prison officials at the Florence Prison Camp categorically are denying the review and transfer of eligible inmates to a Community Corrections Center (CCC) in violation of 18 U.S.C. § 3621(b). According to Mr. Jones, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC.

Mr. Jones also claims that prison officials at the Florence Prison Camp categorically are denying eligible pre-release inmates more than six months in a Residential Re-entry Center (RRC) in violation of 18 U.S.C. § 3624(c). Mr. Jones describes a "pre-release inmate" as an inmate with twelve months or less of his sentence remaining to be served. Mr. Jones contends that federal law allows pre-release inmates to be placed in an RRC for up to twelve months.

Finally, Mr. Jones claims that prison officials at the Florence Prison Camp categorically are denying inmates who have completed the Residential Drug and Alcohol Progam (RDAP) more than six months placement in an RRC in violation of 18 U.S.C. § 3621(e)(2)(B) and 42 U.S.C. § 17541(a)(2)(A).

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Jones. **See** 28

C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13–542.15.

According to Respondent, Mr. Jones has not filed any administrative remedies related to his claims in this action. Prelim. Resp. at 4. Mr. Jones also concedes that he has not exhausted his administrative remedies. Application at 3. Mr. Jones argues, however, that exhaustion of administrative remedies would be futile because the BOP, through official policies and procedures, has predetermined the issues to be raised in the administrative proceedings. Mr. Jones is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. Jones fails to convince the Court that exhaustion of administrative remedies would be futile based on his argument that the BOP has predetermined the issues he is raising.

Mr. Jones apparently argues that exhaustion would be futile because the BOP is following regulations that previously were invalidated by a decision of the United States Court of Appeals for the Tenth Circuit. *See Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007). Respondent points out in his response that the BOP adopted new

regulations following *Wedelstedt*. Prelim. Resp. at 6-7. Therefore, to the extent the futility argument is premised on the Tenth Circuit's decision in *Wedelstedt*, the argument lacks merit because the BOP has adopted new regulations.

In support of his futility argument, Mr. Jones filed a "Motion for the Court to Take Judicial Notice," (Doc. # 4). In the Motion, Mr. Jones refers to two BOP memoranda that Respondent has attached to the Preliminary Response as Exhibits A and B. Both memoranda are addressed to chief executive officers and are signed by two BOP officials, the assistant director of the Correctional Programs Division and the assistant director/general counsel. Mr. Jones apparently believes that both memoranda support his contention that the BOP has predetermined the issues he is raising.

The first memorandum, dated April 14, 2008, is attached to the Preliminary Response at Exhibit A. This memorandum relates to pre-release RRC placements following the Second Chance Act of 2007. The April 14 memorandum recognizes that the maximum pre-release RRC placement is twelve months. While the April 14 memorandum also states that "Bureau experience reflects inmates' prerelease RRC needs can usually be accommodated by a placement of six months or less," nothing in the April 14 memorandum restricts pre-release RRC placements to a maximum of six months. Prelim. Resp. at Ex. A, p. 8.

The second memorandum, dated November 14, 2008, is attached to the Preliminary Response at Exhibit B. This memorandum relates to inmate requests for transfers to CCCs, which, according to a footnote in the November 14 memorandum, are synonymous with RRCs. Prelim. Resp. at Ex. B, p. 4. The November 14 "memorandum provides guidance to [BOP] staff for considering and responding to

inmate requests for transfer to [ ] RRCs, when more than 12-months remain from their projected release date" and states that "[i]nmates are legally eligible to be placed in an RRC at any time during their prison sentence." *Id.* at 2. The November 14 memorandum further states that "inmate requests for RRC placements must receive individualized consideration." *Id.* at 2-3.

Contrary to Mr. Jones' belief, these two memoranda do not preclude the relief he seeks from the BOP. In fact, these two memoranda support Mr. Jones' arguments that inmates are eligible to be transferred to an RRC at any time and that the maximum length of a pre-release placement in an RRC is twelve months. Mr. Jones does not identify any official BOP policies that contradict these two memoranda. Mr. Jones' reliance on the memoranda for his futility argument, therefore, lacks merit.

Finally, Mr. Jones also cites to documents the BOP provided in response to a Freedom of Information Act (FOIA) request by another inmates, attached to the Preliminary Response at Exhibit C. However, these documents do not demonstrate that "no inmate at FPC-Florence has received more than 6 months of halfway house." Motion for Court to Take Judicial Notice at 3. Instead, the FOIA documents contain tables of data from June 2008 to January 2009 that reflect the "expected length of stay in a CCC." Prelim. Resp. at Ex. C, p. 4. The documents specifically state that "any length of stay longer than 190 days was eliminated from [the] table[s]." *Id.* Therefore, these tables do not provide any data on inmates who have received RRC placement in excess of 190 days, and they do not support Applicant's argument that it is impossible for an inmate to receive greater than six months of RRC placement.

Even if prison officials at the Florence Prison Camp, where he is incarcerated, categorically are denying RRC placements for inmates with more than twelve months remaining on their sentences and RRC placements for no longer than six months, Mr. Jones' argument does not support a conclusion that exhaustion of administrative remedies would be futile. Mr. Jones is able to appeal any institution decision to both the regional and to the national BOP offices.

For the above-stated reasons, the Court finds that Mr. Jones fails to demonstrate that exhaustion of administrative remedies would be futile. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies

DATED at Denver, Colorado, this 1st day of Oct, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01611-BNB

James Jones
Reg No. 32385-044
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

Jamie L. Mendelson
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/1/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk